[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on September 9, 1989 at Milford, Connecticut. They have resided continuously in this state since that time. There are two minor children issue of the marriage: Hannah Leigh Marin, born October 23, 1992, and Mallory Jane Marin, born November 29, 1994.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 C.G.S. in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 7 1/2 years. Both partes are 32 years of age and in good health. The plaintiff has bookkeeping experience and is a self employed accounting clerk at an office as well as at home. She also works on occasion as a gym instructor. The plaintiff's total income from employment is $365 per week.
The defendant is also gainfully employed and earns a net of $513 per week. CT Page 4709
The value of the marital home equals the amount of the mortgage. There are no assets in this case.
The court declines to assess fault to either party for the breakdown of their marital relationship.
The plaintiff wife has not faced the practical financial realities of the situation. Even when the parties were living together and pooling their joint incomes, the parties were unable to maintain their home, as evidenced by their very substantial credit card debts. Their monthly mortgage payment alone is approximately $1365 per month.
The defendant is contemplating bankruptcy in an attempt to start out anew. He is presently living with his father as financially he is unable to afford independent living at this time. The plaintiff wishes to preserve her credit and does not desire to file bankruptcy. She hopes to purchase another home with a lower monthly mortgage payment. The plaintiff also has a day care expense of approximately $240 to $260 per week.
There is very little money to divide and it is unfortunate that the parties incurred additional legal expenses in a trial of this matter.
The parties reached an agreement on the following issues which the court approves and enters as orders.
1) The parties shall have joint legal custody of the minor children with physical custody to the plaintiff mother.
2) The defendant shall have reasonable, flexible and liberal visitation to include but not be limited to alternate overnight visitation on weekends from Saturdays at four p. m. to Sundays at seven p. m.; Tuesdays and Thursdays from five p. m. to 7:30 p. m.; and on such other days and times as the parties shall agree.
3) The defendant shall maintain medical insurance for the benefit of the minor children as is available to him through his place of employment. The parties shall share equally all necessary unreimbursed medical and dental expenses incurred by the minor children. The plaintiff shall present said bills monthly and defendant shall pay his share within 30 days of presentation. Section 46b-84 (d) C.G.S. is ordered. CT Page 4710
4) Defendant shall maintain his existing life insurance policy as is available through his employment, naming the minor children as irrevocable beneficiaries thereon. This provision shall be modifiable.
5) Each party shall keep his or her accounts free from any claim of the other. The defendant shall keep is 401(K).
6) Defendant shall continue to reimburse plaintiff monthly for car insurance payments on his motor vehicle, which the plaintiff makes.
7) The plaintiff shall receive any and all monies from the insurance company in relation to the claim for damage to the home and personal property loss.
8) The defendant shall retain the $600 he received from the sale of the Subaru.
The court enters the following orders:
9) Child support
Commencing April 28, 1997, the defendant shall pay to the plaintiff as child support the sum of $185 per week for both minor children in accordance with the child support guidelines. Support for each minor child shall continue until each child shall reach the age of 19 years or complete high school, become emancipated or die, whichever event shall first occur.
10) Real Estate
The defendant shall quitclaim his interest in the marital home located at 66 Edgewood Street Stratford, Connecticut to the plaintiff forthwith. The plaintiff shall be responsible for and shall indemnify and hold the defendant harmless with respect to the mortgage, taxes and insurance on said property, including any deficiencies in the event the real estate is sold or foreclosed.
11) Debts
The parties previously divided their debts on an equitable basis in August 1996. The court makes no changes as to CT Page 4711 the parties' division of debts.
12) Tax Exemption
The plaintiff shall take the older child as a dependent for income tax purposes. The defendant shall take the younger child as a dependent for income tax purposes so long as he is current with the child support as of December 31.
13) Attorney's Fees
Each party shall be responsible for their respective attorney's fees.
14) Tax Refund
The 1996 income tax refund shall be equally divided between the parties.
15) Alimony
Commencing April 28, 1997, the defendant shall pay to the plaintiff as periodic alimony the sum of $75 per week until the happening of the first of the following:
1) plaintiff's death or remarriage, or
2) defendant's death, or
3) September 1, 2001.
16) Personal Property
 A) The parties shall share the camping equipment.
 B) The defendant shall remove his personal belongings from the home within 30 days of date.
Coppeto, J.